UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT LEE MURRAY,

                Plaintiff,

-against-

N.Y.C. D.O.C.; 7 JOHN DOW; C.O. 1; JANE DOW CAPTAIN,

                Defendants.

21-CV-6718 (LJL)

ORDER OF SERVICE

---

LEWIS LIMAN, United States District Judge:

Plaintiff, currently incarcerated at the Bellevue Prison Ward, brings this *pro se* action under 42 U.S.C. § 1983, regarding events occurring on November 16, 2020, in a "pen" in the intake unit of C-95 on Rikers Island.[1] Plaintiff alleges that seven correction officers forced him to strip in front of a female correction officer and pepper sprayed him. Plaintiff further alleges that one of the male correction officers put his penis in Plaintiff's "but[t]," and then told him to "say nothing." By order dated August 10, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[2]

## DISCUSSION

**A.    New York City Department of Correction (DOC)**

Plaintiff's claims against DOC must be dismissed because, as an agency of the City of New York, DOC is not an entity that can be sued in its own name. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where

---

[1] It is the Court's understanding that C-95 is located in the Anna M. Kross Center.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Accordingly, Plaintiff's claims against DOC are dismissed.

**B.     New York City**

In light of Plaintiff's *pro se* status and his clear intention to assert claims against the City of New York, the Clerk of Court is directed, under Rule 21 of the Federal Rules of Civil Procedure, to substitute the City of New York as a defendant in place of DOC. This substitution is without prejudice to any defenses that the City of New York may wish to assert.

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

**C.     Doe defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff may supply sufficient information to permit the New York City Department of Correction to identify the C-71 captain and correction officers Plaintiff names in this complaint. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the New York City Department of Correction, must ascertain the identity and badge number of each Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[3] The New York

---

[3] If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility,

City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Absent a showing of good cause, Plaintiff shall have thirty days after he receives this information to file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff may use is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking Defendants to waive service.

**D.      Local Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[4]

**CONCLUSION**

The Court dismisses Plaintiff's claims against the New York City Department of Correction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to substitute the City of New York, under Fed. R. Civ. P. 21, as a defendant in place of DOC.

---

the New York City Law Department must provide a residential address where the individual may be served.

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Clerk of Court is further directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

The Clerk of Court is also directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, N.Y. 10007. An Amended Civil Rights Complaint form is attached to this order.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 17, 2021
         New York, New York

                                                         LEWIS LIMAN
                                                    United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Write the full name of each plaintiff.

-against-

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

### I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

### II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                    State                    Zip Code

### III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Page 3

## V. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6