By November 4, 2021, Plaintiff is ordered (1) to provide Defendant the time of day on November 16, 2020 when the alleged incident occurred; and (2) either to return a fully executed NYCPL § 160.50 release to Defendant or to explain to the Court why he will not do so. The time to respond to the Court's Order of Service, Dkt. No. 7, is extended to 30 days after this information and the release are received. The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff.

October 21, 2021

SO ORDERED.

*[signature]*
LEWIS J. LIMAN
United States District Judge

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ROBERT WENNEMER**
*Assistant Corporation Counsel*
Office: (212) 356-2331
Fax: (212) 356-3509
rwenneme@law.nyc.gov

October 18, 2021

**BY ECF**
Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Robert Lee Murray v. City of New York, et al.,
         21 Civ. 6718 (LJL)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York (the "Office"), and the attorney assigned to the defense of the above-referenced matter. I write to respectfully request that the Court order plaintiff Robert Lee Murray to execute a release pursuant to New York Criminal Procedure Law ("NYCPL") § 160.50 ("NYCPL § 160.50 release"). Specifically, for the reasons set forth below, the City respectfully requests that its deadline to comply with the Court's *Valentin* Order be set to thirty (30) days after plaintiff provides a properly executed NYCPL § 160.50 release and additional information about when the incident giving rise to this lawsuit occurred.

      By way of brief background, plaintiff alleges that his federal civil rights were violated by New York City Department of Correction ("DOC") officers while plaintiff was detained at the Anna M. Kross Center at Riker's Island. (See Complaint, Dkt. 2). Specifically, plaintiff asserts that, during the intake process, he was forced to remove his clothing and remain naked in front of a Jane Doe captain and that a John Doe correction officer sexually assaulted him while six (6) other John Doe correction officers watched. (Id.). Plaintiff now brings the instant action and appears to state claims for sexual assault, failure to intervene, and unlawful strip search.

      Following the initiation of this lawsuit, on August 17, 2021, the Court ordered this Office to identify the unknown John and Jane Doe defendants in this matter. (See Dkt. No. 7). The Court gave this Office until October 18, 2021 to identify the ascertainable John and Jane Doe defendants. (Id.).

      Thereafter, on September 28, 2021, this Office sent plaintiff a NYCPL § 160.50 release for his completion in order to obtain DOC and New York City Police Department records that

have been sealed by operation of law. However, on October 4, 2021, plaintiff called this Office screaming and ranting about the release, making vulgar, derogatory, and highly offensive comments in the process.[1] To date, defendants have not received a completed NYCPL § 160.50 release from plaintiff, and as a result have been hampered in their efforts to identify the John and Jane Doe officers named in this lawsuit.

Nonetheless, this Office has been coordinating with DOC to determine the identities of the John and Jane Doe defendants as ordered by Your Honor. (See Dkt. No. 7). Although DOC has worked diligently to gather logbooks, employee schedules, and other documents in an effort to identify the correction officers allegedly involved in this incident, DOC has informed this Office that it cannot identify the unknown defendants without plaintiff's DOC inmate file and movement history, both of which are sealed pursuant to NYCPL § 160.50. Additionally, in order to identify the John and Jane Doe defendants, DOC informed this Office that it also requires the time of day when the incident allegedly occurred, which is not included in plaintiff's noticeably bare complaint. (See Dkt. No. 2).

The City is clearly entitled to a NYCPL § 160.50 release and this information. As a preliminary matter, courts have consistently held that production of a NYCPL § 160.50 release is not considered discovery, and should be produced prior to defendant's answer, where the plaintiff is challenging their underlying arrest. See Cabble v. Rollieson, No. 04 Civ. 9413 (FM), 2006 U.S. Dist. LEXIS 7385, at *24-25 (S.D.N.Y. Feb. 26, 2006) (a request for a 160.50 release is not considered a discovery request, and merely grants the City access to its own records); see also, Green v. Montgomery, 43 F. Supp. 2d 239, 244 (E.D.N.Y. 1999) (discussing implied waiver of confidentiality).

Although plaintiff is not challenging the legality of his arrest here, the reasons justifying the production of a NYCPL § 160.50 release are similar: the City cannot access the records needed to investigate and litigate this matter without the release. Plaintiff is raising allegations against a number of John and Jane Doe officers related to his detention following arrest. The identification of these individuals and investigation of plaintiff's claims require access to sealed records. Thus, defendants should have access to any sealed documents, including plaintiff's DOC inmate file and movement history, at the inception of the lawsuit. See, e.g., Foti v. City of New York, No. 09 Civ. 944 (GEL), 2009 U.S. Dist. LEXIS 36533, at *2 (S.D.N.Y. Apr. 30, 2009) (noting "this Court routinely grants orders compelling plaintiff's[sic] to sign [160.50] releases"). Indeed, courts have even granted motions to dismiss where plaintiffs have failed to comply with orders to provide a 160.50 release. See, e.g., Basile v. City of New York, No. 17 Civ. 9060 (ER), 2019 U.S. Dist. LEXIS 162177, at *15-17 (S.D.N.Y. Sept. 19, 2019); Perez v. City of New York, No. 02 Civ. 3670 (WK), 2003 U.S. Dist. LEXIS 7063, at *4-5 (S.D.N.Y. Apr. 10, 2003).

---

[1] Plaintiff's conduct will be raised with the Court in a separate motion in the coming days.

      Accordingly, this Office respectfully requests that the Court order plaintiff to return a fully executed NYCPL § 160.50 release and provide the time of day on November 16, 2020 when the alleged incident occurred; and that the time to respond to the Court's August 17, 2021 Order of Service be extended to thirty (30) days after such release and information are received.

      Thank you for your consideration of the matters herein.

                                                                   Respectfully submitted,

                                                                   /s/ *Robert Wennemer*
                                                                   Robert Wennemer, Esq.
                                                                   *Assistant Corporation Counsel*
                                                                   Special Federal Litigation Division

cc:    VIA FIRST-CLASS MAIL
        Robert Lee Murray
        *Plaintiff Pro Se*
        14-16 MT Hope PL
        Apt. 3w3
        Bronx, NY 10453