GRANTED IN PART AND DENIED IN PART.
The motion to adjourn the conference is denied.
The time for Defendants to answer and to respond
to the *Valentin* order is adjourned to a date to be
set at the conference. The Clerk of Court is
respectfully directed to mail a copy of this Order
to the pro se Plaintiff. SO ORDERED.
November 15, 2021

LEWIS J. LIMAN
United States District Judge



**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**DANIELLE CLAYTON**
Assistant Corporation Counsel
Phone: (212) 356-2404
dclayton@law.nyc.gov

November 12, 2021

**BY ECF**
Honorable Lewis J. Liman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:  Robert Lee Murray v. City of New York, et al.
          21 Civ. 6718 (LJL)

Your Honor:

    I am an Assistant Corporation Counsel ("ACC") in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York. I am writing this letter on behalf of Tyler Abboud, the ACC who was recently assigned to this case.[1] Defendant City of New York writes to respectfully request that it be relieved of its obligation to respond to the Complaint until 30 days after Plaintiff complies with the Court's Order dated October 21, 2021. Additionally, Defendant also respectfully requests that the conference currently scheduled for November 18, 2021 at 10:00 a.m. be adjourned. In light of the recent re-assignment of this matter, as well as Plaintiff's poor conduct as outlined in the pending motion to dismiss, Defendant did not communicate with Plaintiff prior to making the instant application.

**Defendant's Request for an Enlargement of Time**

    On September 16, 2021, the attorney previously assigned to handle this matter filed a waiver of service of the summons which directed that the City answer, or otherwise respond, to the Complaint within sixty (60) days from the date of the waiver as required by Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. (Dkt. No. 10). As such, Defendant is required to respond by November 15, 2021.

    By letter dated September 28, 2021, this Office sent Plaintiff a NYCPL § 160.50 release and requested that he complete, sign and return it to this Office. On October 4, 2021, Plaintiff responded to that request in an inappropriate, offensive, and derogatory manner. (Dkt. No. 16).

---

[1] Mr. Abboud is currently out of the Office and will not be returning until November 22, 2021.

On October 18, 2021, Defendant filed an application requesting that the Court compel Plaintiff to provide Defendant with a properly executed NYCPL § 160.50 and that Defendant be relieved of its obligation to Comply with the Court's *Valentin* order deadline until thirty (30) days after Plaintiff provides same. (Dkt. No. 14). On October 21, 2021, the Court granted Defendant's request, stating that by November 4, 2021, Plaintiff must: (1) provide Defendant with the time of day when the alleged incident occurred; and (2) return the fully executed release or explain to the Court why he will not do so. (Dkt. No. 15). The Court also granted Defendant's request for an extension of time to respond to the *Valentin* order. Id. To date, Defendant still has not received the release or the additional information from Plaintiff.

As detailed in Defendant's letter dated October 18, 2021, the City is entitled to the requested release and the information in order to properly investigate the underlying incident before responding to the Complaint. (Dkt. No. 14 at ¶¶ 6-7). Defendant cannot access records to identify the individuals who were involved in this incident as Plaintiff did not name them or proffer specific allegations against any particular individual. As Plaintiff has failed to comply with the Court's October 21st Order, Defendant respectfully requests that it be relieved of its obligation to respond to the Complaint until 30 days after Plaintiff provides the outstanding information and release. This is the first such request Defendant has made. Defendant also seeks a second enlargement of the time to respond to the *Valentin* Order after it receives the document and information set forth in the October 21st Order.

### Defendant's Request for an Adjournment

Plaintiff failed to appear for the Initial Pretrial Conference scheduled on November 4, 2021, by telephone. In light of Plaintiff's absence, the Court rescheduled the conference to November 18, 2021, and further ordered that Plaintiff had until November 17, 2021 to either provide the outstanding information and releases, or to explain to the Court why he will not comply. (Dkt. No. 20). With the currently assigned ACC on leave, and without having the document and information necessary to meaningfully participate in the conference, Defendant respectfully requests that the conference currently scheduled for November 18, 2021, be adjourned to a date following Mr. Abboud's return. This is Defendant's second request for an adjournment, the first of which was filed pending resolution of Defendant's motion to dismiss. (See Dkt. Nos. 16 and 17). Unlike the first request which the Court denied, the City is not requesting an adjournment *sine die*, but merely an adjournment in consideration of Mr. Abboud's absence and Defendant's inability to access records without the requested release.

### Conclusion

For the reasons set forth above, Defendant respectfully requests that: 1) it be relieved of its obligation to respond to the Complaint until 30 days after receipt of the properly completed and executed release and additional information about the time of day in which the incident occurred; 2) an additional enlargement of the time to response to the *Valentin* Order; and 3) the adjournment of the telephone conference scheduled for November 18, 2021.

Defendant thanks the Court for its consideration of this application.

Respectfully submitted,

*Danielle Clayton* /s

Danielle Clayton
*Assistant Corporation Counsel*
Special Federal Litigation

cc:   VIA FIRST-CLASS MAIL
      Robert Lee Murray
      *Plaintiff Pro Se*
      c/o Trish Backal
      30 East 85th Street, Suite 3K
      New York, NY 10028