```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ROBERT LEE MURRAY,                                               :
                                                                 :
                                        Plaintiff,               :
                                                                 :        21-cv-06718 (LJL)
                        -against-                                :
                                                                 :        MEMORANDUM &
N.Y.C. D.O.C.; 7 JOHN DOW; C.O. 1; JANE DOW                      :        ORDER
CAPTAIN,                                                         :
                                        Defendants.              :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

On March 16, 2022, Defendants filed a motion to dismiss the complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Dkt. No. 42. On July 15, 2022, Plaintiff Robert Lee Murray ("Plaintiff") subsequently filed an application for the Court to request pro bono counsel and filed an amended complaint. Dkt. Nos. 50, 51. For the following reasons, the motion to dismiss is granted and the request to file an amended complaint is denied as moot. The motion for appointment of pro bono counsel is denied.

## BACKGROUND

Plaintiff, *pro se*, originally instituted this action by complaint filed on August 9, 2021. Dkt. No. 2. He brings his claims under 42 U.S.C. § 1983, alleging that he was sexually assaulted by officers while he was at the Anna M. Kross Center at Riker's Island. *Id*. His complaint did not name or identify any of the officers, instead naming them all as "John Dow [sic]" or "Jane Dow [sic]." *Id*. On August 17, 2021, the Court issued an order pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), directing the New York City Law Department ("City") to ascertain the identity and badge number of each Doe.

On October 18, 2021, the City filed a motion to compel Plaintiff to identify the time of day when the alleged incident occurred and to produce a completed New York Criminal Procedure Law ("NYCPL") § 160.50 release form so that the City could obtain Department of Corrections ("DOC") and New York City Police Department records that have been sealed by operation of law.[1] Dkt. No. 14. The City explained that while it had been "coordinating with

---

[1] Section 160.50(1) of the CPL provides that:
> 1. Upon the termination of a criminal action or proceeding against a person in favor of such person, . . . the record of such action or proceeding shall be sealed . . . . Upon receipt of notification of such termination and sealing:
> . . .

DOC to determine the identities of the John and Jane Doe defendants," *id*. at 2, that DOC "cannot identify the unknown defendants without plaintiff's DOC inmate file and movement history, both of which are sealed pursuant to NYCPL § 160.50," *id*. The City further stated that "[a]dditionally, in order to identify the John and Jane Doe defendants, DOC informed this Office that it also requires the time of day when the incident allegedly occurred." *Id*. On October 21, 2021, the Court granted the City's request, ordering Plaintiff, by November 4, 2021, to "(1) to provide Defendant the time of day on November 16, 2020 when the alleged incident occurred; and (2) either to return a fully executed NYCPL § 160.50 release to Defendant or to explain to the Court why he will not do so." Dkt. No. 15.

The Court held an initial pretrial conference on November 4, 2021. Dkt. No. 20. Notice of that conference was mailed to Plaintiff on September 20, 2021. Dkt. No. 11. Plaintiff did not appear at the conference. The Court rescheduled the conference to November 18, 2021. It again ordered that "Plaintiff has until November 17, 2021 (1) to provide Defendants the time of day on November 16, 2020 when the alleged incident occurred; and (2) either to return a fully executed NYCPL § 160.50 release to Defendants or to explain to the Court why he will not do so. The original deadline for these actions was November 4, 2021." Dkt. No. 20. That order was mailed to Plaintiff on November 5, 2021. Plaintiff then submitted a "sexual assault assessment form" dated November 16, 2020, but that form did not identify any defendants or perpetrators or when the assault occurred. It instead indicated that he was "unsure" of whether the assault occurred on November 14, 2020, or November 15, 2020, and that he was "unsure" of the time of day of the sexual assault. Dkt. No. 23 at ECF p. 4. At the initial pretrial conference on November 18, 2021, Plaintiff was present. The Court ordered that he appear at offices of the New York City Law Department on November 19, 2021, to sign the NYCPL § 160.50 release and medical releases. Dkt. No. 24.

On November 19, 2021, Plaintiff arrived at the offices of the City's counsel; after he engaged in an altercation with security and other individuals in the lobby of the office building, he was arrested. After the incident, Plaintiff made a number of submissions to the Court, but none of them indicated that he had returned a fully executed NYCPL § 160.50 release to Defendants or explained to the Court why he would not do so. *See* Dkt. Nos. 31, 32, 36, 40, 41. On January 19, 2022, Plaintiff requested and subsequently received another copy of the Court's order at the initial pretrial conference on November 18, 2021. Dkt. No. 33.

---

(c) all official records and papers, including judgments and orders of a court but not including published court decisions or opinions or records and briefs on appeal, relating to the arrest or prosecution . . . on file with the division of criminal justice services, any court, police agency, or prosecutor's office shall be sealed and not made available to any person or public or private agency;
(d) such records shall be made available to the person accused or to such person's designated agent . . . .

NYCPL § 160.50.

## DISCUSSION

### A.   Motion to Dismiss

Defendants filed the motion to dismiss on March 16, 2022. Dkt. No. 42. They argue that Plaintiff's complaint should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; that his claims should be dismissed pursuant to the inherent powers of the court; and that his complaint does not state a municipal liability claim against the City. Dkt. No. 44. Plaintiff did not file an opposition to the motion. He did, however, file papers discussing the incident and subsequent events, with attached letters from the City. Dkt. No. 48. Another filing includes numerous emails sent on his behalf by paralegals at the Legal Aid Society. Dkt. No. 49. Plaintiff then requested the appointment of pro bono counsel on July 15, 2022. Dkt. No. 50. He also submitted an amended complaint alleging the same incident, again with unidentified individual defendants. Dkt. No. 51.

"[A] district court has the power to dismiss an action for failure to prosecute and that such a dismissal will be reviewed only for abuse of discretion." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 632–33 (1962). "Rule 41(b) dismissals are a 'harsh remedy' that are 'appropriate only in extreme circumstances.'" *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). The Second Circuit has counseled district courts to "be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a *pro se* litigant." *Lucas*, 84 F.3d at 535. In deciding whether to dismiss for lack of prosecution, the Court looks to five factors:
> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Spencer*, 139 F.3d at 112; *see also Shannon v. General Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (same).

Courts in this district have described the "City's entitlement to secure the [NYCPL § 160.50] records of [a] prosecution so that it can fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure in connection with its preparation of an answer and later defense of th[e] suit." *Cabble v. Rollieson*, 2006 WL 464078, at *8 (S.D.N.Y. Feb. 27, 2006). Courts have granted motions to dismiss when a party failed to comply with its obligation to provide a NYCPL § 160.50 release. *See, e.g.*, *Basile v. City of New York*, 2019 WL 4572812, at *6 (S.D.N.Y. Sept. 20, 2019); *Perez v. City of New York*, 2003 WL 1992437, at *2 (S.D.N.Y. Apr. 10, 2003) (dismissing complaint for failure to provide § 160.50 release after ten months).

The Court concludes that Rule 41(b) dismissal without prejudice is warranted. First, Plaintiff has failed to comply with the Court's orders since October 2021. It has now been nearly one and a half years since the Court's first order. *See Feurtado v. City of New York*, 225 F.R.D. 474, 479 (S.D.N.Y. 2004) (outlining dismissals due to failure to comply with court orders, all under one year of delay). Defendants have diligently sought the releases, even following the

3

altercation and arrest on November 19, 2021, in order to allow Plaintiff's action to proceed. Defendants' efforts, however, have been repeatedly rebuffed by Plaintiff. On March 7, 2022, the City sent a letter to Plaintiff seeking the release for NYCPL § 160.50 records pertaining to his lawsuit. Dkt. No. 48 at ECF p. 3. Defendants sent another letter seeking those releases on March 17, 2022. *Id*. at ECF p. 5. Neither the releases, the date and time of day, nor any other information necessary for the City to identify the John Doe and Jane Doe defendants and to defend itself has been provided by Plaintiff.

Second, the Court and Defendants have both provided notice to Plaintiff that his failure to comply with the Court's orders would lead to dismissal. *See Feurtado*, 225 F.R.D. at 479 (drawing on notice from the Court and the parties to satisfy this factor). Defendants have repeatedly sought dismissal based on Plaintiff's conduct in this case. Dkt. Nos. 16, 26, 38. All of Defendants' filings emphasized his failure to provide the releases. *Id*. The Court then issued an order on February 22, 2022, following a renewed letter motion seeking dismissal, stating that "[i]f Defendants seek to dismiss the complaint with prejudice, Defendants are hereby ORDERED to move by formal motion, rather than letter-motion, and include all materials that they would like the Court to consider on the motion." Dkt. No. 39. That order was served on Plaintiff. Defendants then filed the instant formal motion, providing notice that continued failure to sign the releases would possibly result in dismissal.

It is unclear whether Plaintiff received Defendants' motion. The docket reflects that the Court received returned mail on July 25, 2022, which included the motion and the memorandum of law in support. However, Plaintiff previously has received notice, including of the consequences of his failure to comply, and in any event, "it is Plaintiff's obligation to keep his address on file with the Court current," *Boone v. Dep't of Corr.*, 2021 WL 5761904, at *2 (S.D.N.Y. Dec. 3, 2021); *see also Robinson v. United States*, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice."). Plaintiff's failure to timely update his mailing address with the Court does not render Rule 41(b) inapplicable to his action. *See*, *e.g.*, *Boone*, 2021 WL 5761904, at *3.

Third, such failure to comply with the Court's orders has prejudiced the Defendants because the releases are necessary for Defendants to prepare their answer. As previously noted, Defendants are entitled to review the records provided by the § 160.50 releases in order to "fulfill its obligations under Rule 11." *Cabble*, 2006 WL 464078, at *8; *see also Basile*, 2019 WL 4572812, at *6 ("Because Basile has not signed the § 160.50 releases, the City cannot look at the records surrounding the incident."). The Court "presume[s] as a matter of law that Defendant will be prejudiced by further delay." *Perez*, 2003 WL 1992437, at *2 (citation omitted). Plaintiff has failed to provide the releases or explain why he has not done so for one and a half years. That failure precludes any preliminary determination of the facts such as to allow a proper response to the complaint. It also prevents the City from determining whether there is evidence that the injury of which Plaintiff complains occurred and how it occurred, and whether Plaintiff states a cognizable claim of "policy" or "practice" against the City. *See*, *e.g.*, *Basile*, 2019 WL 4572812, at *7 (dismissing claim against the City due to failure to provide §

4

160.50 releases); *Perez*, 2003 WL 1992437, at *2 (same).[2]  Finally, such failure invokes "the primary rationale underlying dismissal under [Rule] 41(b)," which is "the failure of plaintiff in his duty to process his case diligently."  *Levall Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).

Fourth, Plaintiff has had a fair chance to be heard.  Plaintiff has had made numerous submissions to the Court.  *See*, *e.g.*, Dkt. Nos. 31, 32, 36, 40, 41.  The Court has held a conference with him and issued multiple orders through which it implored him to allow production of the documents necessary for his case to go forward.  The Court ordered him to appear at the offices of the City's counsel to facilitate his compliance with the orders to provide the releases.  None of Plaintiff's submissions can advance the case without the information identifying the officers or the time of day of the incident.  Plaintiff also availed himself of an opportunity to file an amended complaint. Dkt. No. 51.  But the amended complaint fares no better—it does not resolve or address any of the deficiencies of the original complaint.  *See Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) ("When a plaintiff amends its complaint while a motion to dismiss is pending the court may deny the motion as moot or consider the merits of the motion in light of the amended complaint."); *see also A.M. by & through Messineo v. French*, 431 F. Supp. 3d 432, 438 (D. Vt. 2019) (considering the motion following an amended complaint to "further the 'just, speedy, and inexpensive determination' of the action, Fed. R. Civ. P. 1").  Plaintiff's failure to pursue the case implicates "fairness [to other litigants before the court] and the question of judicial resources."  *Perez*, 2003 WL 1992437, at *2.

Finally, in light of Plaintiff's repeated and numerous filings that have evaded signing any release pursuant to this Court's orders or explaining why he will not do so, the Court has no choice other than to dismiss the action against Defendants.  Because it is unclear whether Plaintiff received the motion and accompanying papers, this dismissal is without prejudice to renewal in 30 days if Plaintiff cures the deficiencies identified in this Memorandum and Order by providing the City with a release for NYCPL § 160.50 records and through an amended complaint that provides identifying information for the Doe defendants.  *See*, *e.g.*, *Boone*, 2021 WL 5761904, at *3 (allowing for dismissal without prejudice in similar circumstances).  In the amended complaint, Plaintiff must identify the time of day, the individual defendants, and make sufficient claims of a "policy" and "practice" against the City if he chooses to pursue a claim against the City.

B.     **Pro Bono Representation**

A district court has "broad discretion" to decide whether to seek pro bono representation for a civil litigant.  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  However, "a court

---

[2] The Court also concludes that Plaintiff does not state a claim against the City because he does not allege that his assault was part of a policy or practice of the City.  Plaintiff must include "specific factual allegations sufficient to establish that a municipal policy or custom caused [Plaintiff's] injury."  *Brodeur v. City of New York*, 2002 WL 424688, at *6 (S.D.N.Y. Mar. 18, 2002).  Plaintiff does not make any specific factual allegations in his complaints showing that the City engaged in a policy or practice of perpetuating the harms that he suffered.

has no authority to 'appoint' counsel, but instead, may only 'request' that an attorney volunteer to represent a litigant." *Vann v. Sudranski*, 2020 WL 8679706, at *1 (S.D.N.Y. July 8, 2020) (quoting *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989)). Because "[v]olunteer lawyer time is a precious commodity," *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172–73 (2d Cir. 1989), "[c]ourts must request the services of pro bono counsel sparingly, and with reference to public benefit." *Vann*, 2020 WL 8679706, at *1.

The Second Circuit has set forth factors to guide a court's discretion to appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915 in *Hodge*. Under *Hodge*, the first question is whether the litigant's claims "seems likely to be of substance." *Hodge*, 802 F.2d at 61. If the court determines that the claims have substance, the court should consider other factors including: "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172.

Plaintiff has not made such a showing. Although the case has been pending for some time, the case is still in its procedural incipiency. No answer has been filed. For the claims against the City—the only claims that Defendants addressed on the merits in their motion to dismiss—the Court has dismissed those claims. *See* supra note 1. While the allegations on their face appear serious, the Court is unable to assess the merit of Plaintiff's remaining claims because Plaintiff has prevented Defendants from identifying who the relevant individual defendants are or even when the assault occurred. *Cf. Washington v. Chase Bank N.A.*, 2022 WL 4238102, at *1 (S.D.N.Y. Sept. 14, 2022) (noting that "very cursory discussion of the facts presented in the complaint further prevent the Court from determining that appointment of counsel is appropriate at this state"). Defendants are thus unable to answer the complaint. It is therefore unclear what factual issues are under dispute. The Court cannot determine at this point that Plaintiff's claims have any merit. *See*, *e.g.*, *Eichie v. Kuakazi*, 2022 WL 1517242, at *1 (S.D.N.Y. Apr. 27, 2022) (denying request for appointment of counsel because "This case is at an early stage, and it is not yet known what issues are in dispute. Nor has the merits of the complaint been tested by a motion to dismiss."); *Nieves v. Best*, 2021 WL 4806376, at *3 (S.D.N.Y. Oct. 13, 2021), *appeal dismissed* (Mar. 24, 2022) (same); *cf. Williams v. N.Y.C. Dep't of Corr.*, *2022 WL 1125285*, at *2 (S.D.N.Y. Apr. 14, 2022) (allowing appointment of pro bono counsel because the claims "survived Defendants' motion for summary judgment").

## CONCLUSION

      Defendants' motion to dismiss is GRANTED without prejudice. If Plaintiff so chooses, he may file an amended complaint that addresses the deficiencies identified in this order no later than 30 days after the filing of this order so long as he also provides the City the release for NYCPL § 160.50 records. If Plaintiff does not both file an amended complaint addressing those deficiencies by April 26, 2023, and file a certification that he has provided the release for NYCPL § 160.50 records, the case will be closed. Plaintiff's application for appointment of pro bono counsel is DENIED. The Clerk of Court is respectfully directed to close Dkt. Nos. 42, 50.

      SO ORDERED.

Dated: March 27, 2023
      New York, New York

                                              LEWIS J. LIMAN
                                          United States District Judge