```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ROBERT LEE MURRAY,                                               :
                                                                 :
                              Plaintiff,                         :
                                                                 :         21-cv-6718 (LJL)
              -v-                                                :
                                                                 :      MEMORANDUM &
CITY OF NEW YORK et al.,                                         :          ORDER
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/9/2024

LEWIS J. LIMAN, United States District Judge:

Plaintiff Robert L. Murray ("Plaintiff"), who is proceeding pro se, applies to the Court for an order requesting the appointment of pro bono counsel. Dkt. No. 92.

Unlike in criminal cases, there is no requirement in civil cases that courts provide indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986), *cert. denied*, 502 U.S. 986 (1991). Instead, a court has "[b]road discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.* Although a court has no authority to "appoint[]" counsel, it may "request" that an attorney volunteer to represent a litigant. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). The Second Circuit has instructed that courts must request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989) (per curiam).

The relevant factors are set forth in *Hodge*, 802 F.2d at 60–62. The Court considers: (1) whether plaintiff's position "seems likely to be of substance"; (2) whether the issues presented "might require substantial factual investigation" and "the indigent's ability to investigate the crucial facts"; (3) "the plaintiff's apparent ability to present the case" and

"whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder"; (4) whether the "case's factual issues turn on credibility"; (5) whether the legal issues presented are complex; and (6) "any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Id.*

This is Plaintiff's second request for appointment of counsel. The Court denied the prior request on March 27, 2023, after Plaintiff had filed a complaint but before any discovery was taken in the case, because it found that it was "unclear what factual issues are under dispute" and the Court could not determine that "Plaintiff's claims have any merit." Dkt. No. 56 at 6.[1]

Plaintiff has since filed a second amended complaint, alleging that he was the victim of a rape when he was detained at the Anna M. Kross Center at Riker's Island. Dkt. No. 59. The Court stayed the deadline for Defendants to answer the second amended complaint until all John and Jane Doe Defendants were identified. Dkt. No. 62. On January 26, 2024, the Court adjourned the status conference scheduled to address the identification of the John and Jane Doe defendants sine die because Plaintiff had been transferred to a state mental hospital. Dkt. No. 81. On May 1, 2024, after having been informed that Plaintiff was discharged from the New York State hospital back to New York City correctional custody, the Court extended the adjournment of the status conference sine die for the parties to engage in settlement discussions. *See* Dkt. No. 85.

Plaintiff has now indicated that he wishes to go to trial. Dkt. No. 94. But much remains

---

[1] In the same order, the Court granted Defendants' motion to dismiss without prejudice to the filing of an amended complaint for failure to prosecute, after finding that Plaintiff for years had failed to comply with the Court's orders requiring him to provide Defendants with a New York Criminal Procedure Law § 160.50 release form so that the City of New York could obtain the relevant Department of Corrections and New York City Police Department records to identify the John and Jane Doe defendants whom Plaintiff had named. Dkt. No. 56.

2

to be done in the case before that event can happen.  *See Tutora v. Campbell*, 2021 WL 2342897, at *9 (N.D.N.Y. May 18, 2021), *report and recommendation adopted*, 2021 WL 2338293 (N.D.N.Y. June 8, 2021).  The John and Jane Doe defendants still have not been identified.  Defendants have not answered or moved against the complaint.  No discovery has been taken.  And, assuming the case proceeds to discovery, Defendants have a right to make a motion for summary judgment.  In short, what the Court stated in March 2023 remains true today—at this early stage, the Court is not in a position to determine what factual issues are in dispute, whether Plaintiff's claims have merit, and whether there is any realistic possibility that the appointment of counsel would lead to a just determination.  *See Washington v. Chase Bank N.A.*, 2022 WL 4238102, at *1 (S.D.N.Y. Sept. 14, 2022) (denying request for appointment of counsel because of early stage of case); *Eichie v. Kuakazi*, 2022 WL 1517242, at *1 (S.D.N.Y. Apr. 27, 2022) (same).

The Court will hold a telephonic status conference on the case on August 1, 2024 at 12:00 P.M.  The parties are directed to dial into the Court's teleconference number at 888-251-2909, use Access Code 2123101, and follow the necessary prompts at that time.  The City is directed to contact the warden at the facility Plaintiff is housed to ensure his production for the telephonic status conference.

By no later than one week before the conference, the City shall submit a letter proposing next steps in the matter for the Court's consideration

SO ORDERED.

Dated: July 9, 2024
      New York, New York                    _____
                                            LEWIS J. LIMAN
                                            United States District Judge