21 Civ. 6718 (LJL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT LEE MURRAY,

Plaintiff,

-against-

CITY OF NEW YORK, DEPT. FOO, C.O. LEWIS
#5517, C.O. MURRAY #4366, C.O. STEVENS #5292,
CHRISTIAN ROSARIO, JOSEPH SHEEHAN, CAPT.
ROGERS #506,

Defendants.

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S FOURTH AMENDED COMPLAINT, PROPERLY CONSTRUED AS AN UNTIMELY MOTION FOR LEAVE TO AMEND

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: John McLaughlin*
*Tel:  (212) 356-2670*
*Matter No.:  2021-023593*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ..................................................................................... 2

LEGAL STANDARDS ........................................................................................ 4

      A.  Rule 15(a)(2) Standard for Leave to Amend ....................................... 4

      B.  § 1915A Screening Requirements ....................................................... 4

ARGUMENT .................................................................................................... 5

      POINT I ..................................................................................................... 5

           PLAINTIFF'S FOURTH AMENDED
           COMPLAINT MUST BE CONSTRUED AS A
           MOTION FOR LEAVE TO AMEND THAT
           SHOULD BE DENIED FOR UNDUE DELAY
           AND PREJUDICE ............................................................................ 5

      POINT II .................................................................................................... 7

           THE PROPOSED AMENDMENT IS FUTILE
           UNDER MANDATORY § 1915A SCREENING ................................... 7

           A.  Claims against Correction Officer Gary Davis
               Are Time-Barred .................................................................... 7

           B.  Only Plaintiff's "Claim (1)" States a Plausible
               Constitutional Violation ......................................................... 10

CONCLUSION ................................................................................................. 14

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................4, 5

*Barrow v. Wethersfield Police Dep't*,
66 F.3d 466 (2d Cir. 1995) .....................................................................................7, 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................4, 5

*Block v. First Blood Assocs.*,
988 F.2d 344 (2d Cir. 1993) ......................................................................................7

*Bumpus v. N.Y.C. Transit Auth.*,
66 A.D.3d 26 (2d Dep't 2009) ...................................................................................9

*Ceara v. Deacon*,
916 F.3d 208 (2d Cir. 2019) ......................................................................................8

*Cresswell v. Sullivan & Cromwell*,
922 F.2d 60 (2d Cir. 1990) ........................................................................................6

*Foman v. Davis*,
371 U.S. 178 (1962) .............................................................................................4, 5, 6

*Grace v. Rosenstock*,
228 F.3d 40 (2d Cir. 2000) ........................................................................................6

*Hogan v. Fischer*,
738 F.3d 509 (2d Cir. 2013) ...............................................................................7, 8, 9

*Kassner v. 2nd Ave. Delicatessen Inc.*,
496 F.3d 229 (2d Cir. 2007) ......................................................................................4

*L-7 Designs, Inc. v. Old Navy, LLC*,
647 F.3d 419 (2d Cir. 2011) ......................................................................................5

*Lucente v. Int'l Bus. Machs. Corp.*,
310 F.3d 243 (2d Cir. 2002) ......................................................................................5

*Moran v. County of Suffolk*,
No. 11 Civ. 3704 (PKC) (GRB), 2015 WL 1321685
(E.D.N.Y. Mar. 24, 2015) .......................................................................................7, 9

iii

*Pearl v. City of Long Beach,*
  296 F.3d 76 (2d Cir. 2002)................................................................................7

*Rolon v. Henneman,*
  517 F.3d 140 (2d Cir. 2008)............................................................................5

*Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau,*
  786 F.2d 101 (2d Cir. 1986)............................................................................6

**Statutes**

28 U.S.C. § 1915A.............................................................................................*Passim*

42 U.S.C. § 1983...........................................................................................7, 8, 9

42 U.S.C. § 1985...................................................................................................8

Fed. R. Civ. P. 12(b)(6)........................................................................................4

Fed. R. Civ. P. 15(a)(2)..............................................................................1, 2, 4, 5, 6

Fed. R. Civ. P. 15(c).......................................................................................7, 8, 9

Fed. R. Civ. P. 15(c)(1)(A)....................................................................................8

Fed. R. Civ. P. 15(c)(1)(C)....................................................................................8

N.Y. C.P.L.R § 1024.......................................................................................7, 8, 9

## PRELIMINARY STATEMENT

On August 11, 2025, Plaintiff filed a purported Amended Complaint (the fourth in this action, hereinafter "4AC") (ECF No. 148) that improperly seeks to add Gary Davis as a defendant, nearly eleven months after his identification in the City's *Valentin* response and more than four months after this Court's definitive Order (ECF No. 131) establishing the Third Amended Complaint as the operative complaint based on Plaintiff's deliberate selection of defendants. Defendants construe the August 11th filing as a motion for leave to amend under Rule 15(a)(2), as Plaintiff lacks any right to amend following this Court's April 2, 2025 Order. Plaintiff's proposed 4AC, properly construed as a motion for leave to amend, should be denied.

The procedural history of this litigation reveals a critical fact that fundamentally undermines Plaintiff's belated attempt to add Correction Officer Gary Davis as a defendant: Plaintiff expressly disclaimed any knowledge of or claims against Davis when afforded the opportunity to identify proper defendants. In his February 19, 2025 submission to this Court, Plaintiff unequivocally stated that he did not know Officer Davis, and that he could prove it. This categorical disclaimer, submitted five months after the City identified Davis in its *Valentin* response, constitutes an affirmative representation to this Court that Davis played no role in the alleged constitutional violations. Plaintiff's subsequent decision on March 18, 2025 to deliberately exclude Davis from his roster of selected defendants reinforced this disclaimer.

Having twice rejected Davis as a defendant—once by express disclaimer and once by deliberate omission—Plaintiff seeks to resurrect claims against an officer he previously insisted he could prove he did not know. This attempt to contradict sworn representations to the Court, coming nearly eleven months after Davis's identification and four months after this Court's definitive Order establishing the operative complaint, epitomizes the type of procedural

gamesmanship that warrants denial of leave to amend under Federal Rule of Civil Procedure 15(a)(2).

In any event, the proposed complaint is subject to mandatory screening under 28 U.S.C. § 1915A. Of the six numbered "claims," only Claim (1)—alleging sexual assault—states a plausible constitutional violation. Thus, the proposed amendment would be futile even if it were procedurally proper.

## STATEMENT OF FACTS

This prisoner civil rights action arises from an incident Plaintiff alleges occurred at Rikers Island on November 15, 2020. Following extensive motion practice and multiple amended pleadings, this Court issued an Order directing the City to provide a *Valentin* response identifying the relevant officers. (ECF No. 73.)

On September 27, 2024, the City filed its initial *Valentin* response (ECF No. 108), identifying seven individuals who were assigned to and present in the main intake area at Rikers Island on November 15, 2020. These officers were specifically identified as: Captain Courtney Rogers (Shield No. 506), Correction Officer Christopher Lewis (Shield No. 5517), Correction Officer Rudolph Murray (Shield No. 4366), Correction Officer Derrick Stevens (Shield No. 5292), Correction Officer Christian Rosario, Correction Officer Joseph Sheehan, and Correction Officer Gary Davis.

Shortly thereafter, the City moved for leave to correct its Valentin response to clarify the dates of certain officers' assignments, including Gary Davis. (ECF Nos. 122, 123, 125.) In response, Plaintiff submitted a February 19, 2025 letter to the Court, expressly disclaiming any claims against Davis. Plaintiff wrote: "I was not in C-95 [Rikers Island's Anna M. Kross Center] on Nov[ember] 13, 2020[, and] I can prove that I don't know anything about a[n] officer name[d] Gary Davis." (ECF No. 124.) This unequivocal disclaimer confirms that,

2

despite being put on notice of Davis's identity, Plaintiff rejected any suggestion that Davis was a proper defendant.

On March 18, 2025—nearly six months after receiving the complete list of available defendants—Plaintiff filed a subsequent letter (ECF No. 130) making a conscious and deliberate choice regarding which officers to sue. Specifically, Plaintiff stated: "I am not putting those officers on an amended complaint" and "these are the officers I wish to sue: 'Cap't Rogers, CO Lewis, CO Murray, CO Stevens, CO Rosario, CO Sheehan.'" (ECF No. 130 at 1.) Once again, Plaintiff deliberately excluded Gary Davis from his selected defendants despite Davis being identified months earlier.

On April 2, 2025, this Court issued an Order (ECF No. 131) that definitively established the operative Third Amended Complaint. The Court stated: "Plaintiff's Third Amended Complaint brings claims against the following Defendants: City of New York, Captain Courtney Rogers (Shield No. 506), Correction Officer Christopher Lewis (Shield No. 5517), Correction Officer Rudolph Murray (Shield No. 4366), Correction Officer Derrick Stevens (Shield No. 5292), Correction Officer Christian Rosario, [and] Correction Officer Joseph Sheehan." (*Id.*) The Court further established comprehensive deadlines for service and case progression based on this definitive defendant roster.

More than four months after this Court's ruling, and despite missing his original deadline to file a Third Amended Complaint, Plaintiff now seeks to add Gary Davis through his August 11, 2025 "Amended Complaint." This filing represents an improper attempt to circumvent both this Court's deliberate reliance on Plaintiff's defendant selection and the established procedural framework governing this litigation.

## LEGAL STANDARDS

**A.      Rule 15(a)(2) Standard for Leave to Amend**

Once a court has issued a definitive order establishing the operative complaint, any subsequent amendment requires leave of court under Federal Rule of Civil Procedure 15(a)(2). *Foman v. Davis*, 371 U.S. 178, 182 (1962). While Rule 15(a)(2) provides that leave should be "freely given when justice so requires," courts may deny leave based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.*

**B.      § 1915A Screening Requirements**

Under 28 U.S.C. § 1915A, courts must screen complaints filed by prisoners against governmental entities and "dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." This screening obligation applies to amended complaints and requires dismissal of claims that fail to meet *Iqbal/Twombly* plausibility standards.

The standard under § 1915A is the same as the standard under Federal Rule of Civil Procedure 12(b)(6): "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While at the motion to dismiss stage the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in plaintiff's favor, *Kassner v. 2nd Ave. Delicatessen Inc.*,

496 F.3d 229, 237 (2d Cir. 2007), this "tenet is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," and must tender more than mere "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

While courts must construe *pro se* pleadings liberally and interpret them as raising the strongest arguments they suggest, even *pro se* plaintiffs must establish that the complaint states a plausible claim for relief. *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (courts are "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions[.]") (internal quotation marks omitted).

## ARGUMENT

### POINT I

**PLAINTIFF'S FOURTH AMENDED COMPLAINT MUST BE CONSTRUED AS A MOTION FOR LEAVE TO AMEND THAT SHOULD BE DENIED FOR UNDUE DELAY AND PREJUDICE**

Because Plaintiff has long since exhausted his ability to amend as of right, his 4AC (ECF No. 149) must be construed as a motion for leave to amend under Rule 15(a)(2). *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243,

258 (2d Cir. 2002). Although leave to amend should be "freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), courts have broad discretion to deny leave for reasons including "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility." *Foman*, 371 U.S. at 182. Each of these factors weighs heavily against Plaintiff's request here.

Plaintiff has already had multiple opportunities to amend his pleadings. After filing his original complaint in August 2021, he filed two Amended Complaints (ECF Nos. 51, 59), then sought to add defendants through a March 18, 2025 letter, in which he expressly limited the defendants he "wish[ed] to sue" to Captain Rogers, C.O. Lewis, C.O. Murray, C.O. Stevens, C.O. Rosario, and C.O. Sheehan. The Court construed that submission as his Third Amended Complaint and deemed those defendants substituted. (*See* Order, ECF No. 131). Despite this clear election, Plaintiff now seeks to add an additional officer months after the deadline to amend expired. Plaintiff's attempt comes after the Court afforded repeated extensions and after the City disclosed the identities of the intake officers nearly a year earlier, on September 27, 2024 (ECF No. 108). Plaintiff cannot justify this delay. Courts routinely deny leave where, as here, a party had prior knowledge of the facts and identities but waited until after the amendment deadline to act. *See Grace v. Rosenstock*, 228 F.3d 40, 53–54 (2d Cir. 2000) ("The court also has discretion to deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice' other parties" (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990); then citing *Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986)).

Allowing a fourth amendment at this stage would also unfairly prejudice Defendants. The Court and the parties have expended significant resources resolving Plaintiff's shifting theories and multiple iterations of the complaint. The City has already produced *Valentin* responses and engaged in motion practice based on the operative complaint. Injecting new defendants after Plaintiff explicitly disclaimed them would expand the scope of discovery and require re-litigation of issues previously resolved, causing precisely the type of prejudice that warrants denial of leave. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (prejudice exists where amendment would "(i) require the opponent to expend significant additional resources [or] (ii) significantly delay the resolution of the dispute[.]").

## POINT II

## THE PROPOSED AMENDMENT IS FUTILE
## UNDER MANDATORY § 1915A SCREENING

**A.    Claims against Correction Officer Gary Davis Are Time-Barred**

Even if the Court were inclined to consider Plaintiff's Fourth Amended Complaint, his attempt to add Correction Officer Gary Davis should be rejected as futile. The governing statute of limitations for § 1983 claims in New York is three years. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002). The events alleged here occurred on November 15–16, 2020, meaning that the limitations period expired in November 2023. Plaintiff's 4AC—filed in August 2025 (ECF No. 149)—comes nearly two years after the statute of limitations had already run. Absent relation back under Rule 15(c) or N.Y. C.P.L.R § 1024, the claims against Davis are time-barred and must be screened out pursuant to 28 U.S.C. § 1915A.

Since Plaintiff's lack of knowledge of the officers' names is not a "mistake" permitting relation back under Rule 15(c), the claims against the newly named Defendants are time-barred. *See Hogan*, 738 F.3d, at 518; *Barrow*, 66 F.3d, at 469–70; *Moran v. County of*

*Suffolk*, No. 11 Civ. 3704 (PKC) (GRB), 2015 WL 1321685, at *4 (E.D.N.Y. Mar. 24, 2015). Any § 1983 or § 1985 claims against the newly named Defendants must therefore be dismissed as time-barred.

Federal Rule of Civil Procedure 15(c)(1)(C) allows an amendment to relate back if the newly added party (1) received notice of the action within 90 days of the original filing and (2) knew or should have known that, but for a "mistake concerning the proper party's identity," the action would have been brought against him. FED. R. CIV. P. 15(c)(1)(C).

The Second Circuit has repeatedly held that a plaintiff's failure to identify a defendant is not a "mistake" under Rule 15(c). *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995); *Hogan v. Fischer*, 738 F.3d 509, 517–18 (2d Cir. 2013). The "mistake" prong applies to cases of misnomer (e.g., suing "Officer Brown" instead of "Officer Smith"), not to situations where the plaintiff lacked information or made a deliberate choice not to sue. *Ceara v. Deacon*, 916 F.3d 208, 213–14 (2d Cir. 2019).

Here, Plaintiff knew of Davis's identity since the City's September 27, 2024 *Valentin* response (ECF No. 108). Nevertheless, on March 18, 2025, Plaintiff affirmatively chose to sue six other officers, explicitly stating "these are the officers I wish to sue." (ECF No. 130). The Court recognized that choice and deemed those officers substituted into the Third Amended Complaint. (ECF No. 131). Having disclaimed Davis, Plaintiff cannot now recast that deliberate decision as a "mistake."

Nor can Plaintiff rely on N.Y. C.P.L.R. § 1024 to salvage his untimely claims against Gary Davis. While Rule 15(c)(1)(A) permits relation back when the law providing the statute of limitations allows it, the Second Circuit has made clear that § 1024 is a rule that cannot be invoked where a plaintiff fails to act diligently or where the record shows a deliberate choice

not to sue. *See Hogan v. Fischer*, 738 F.3d 509, 518–19 (2d Cir. 2013). To invoke § 1024, a plaintiff must demonstrate that he exercised "due diligence" to identify the defendant before the statute of limitations expired and that his "John Doe" pleading provided sufficient notice to apprise the intended defendant of his role. *Bumpus v. N.Y.C. Transit Auth.*, 66 A.D.3d 26, 29 (2d Dep't 2009). Federal courts applying § 1983 claims have consistently held that this standard is not met where the plaintiff had avenues available to learn an officer's identity but did not use them. *Hogan*, 738 F.3d at 519; *Moran v. County of Suffolk*, 2015 WL 1321685, at *9 (E.D.N.Y. Mar. 24, 2015).

   The record demonstrates both a lack of diligence and a clear choice not to sue. The City disclosed Davis's name in its September 27, 2024 *Valentin* response. (ECF No. 108). The City later requested leave to amend its *Valentin* response after obtaining new video of the incident Plaintiff described, again naming Gary Davis as one of the officers involved. (ECF No. 122). Yet on February 19, 2025 Plaintiff submitted a letter flatly disclaiming that Davis was involved. (ECF No. 124). By March 18, 2025, Plaintiff had that information in hand, yet affirmatively limited his complaint to six other officers, all of which were named in the same response as Correction Officer Davis. (ECF Nos. 130, 108). This is not a case where Plaintiff was prevented from learning Davis's identity or inadvertently omitted him; it is a case where Plaintiff knew Davis's name but made a conscious choice to leave him out. Courts applying § 1024 uniformly reject attempts to use it to resurrect claims against identified defendants after the statute of limitations has expired. The doctrine cannot be transformed into a tool for reviving claims a plaintiff knowingly chose not to bring.

   Accordingly, neither FED R. CIV. P. 15(c) nor N.Y. C.P.L.R § 1024 provide any basis for relation back in this case. Plaintiff did not exercise due diligence in timely naming

Davis, and in fact he made the deliberate choice not to sue him, stating that he could "prove that [he didn't] know . . . Gary Davis." (ECF No. 124.) As any claims against Davis are time-barred, they must be screened out pursuant to 28 U.S.C. § 1915A.

### B.    Only Plaintiff's "Claim (1)" States a Plausible Constitutional Violation

Even if the Court were to construe Plaintiff's proposed 4AC as operative, screening is required and only one claim survives. Plaintiff's proposed 4AC purports to set forth six numbered "claims." Upon closer review, however, only Claim 1—alleging that certain correction officers sexually assaulted Plaintiff on November 15, 2020—states a plausible claim for relief under 42 U.S.C. § 1983. This claim includes factual allegations of a specific incident, identifies particular correction officers allegedly involved, and invokes a clearly established constitutional protection against sexual assault by custodial officials. *See Crawford v. Cuomo*, 796 F.3d 252, 257–58 (2d Cir. 2015).

By contrast, the remaining five "claims" are conclusory, repetitive, or legally deficient. They lack coherent factual allegations linking specific defendants to actionable misconduct, fail to identify any distinct constitutional violation, and in some cases simply restate grievances already considered and rejected by the Court in prior pleadings. For example, Plaintiff makes vague references to conspiracies, cover-ups, and broad misconduct without alleging the personal involvement of any named defendant—a prerequisite to § 1983 liability. See *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (personal involvement is required for individual liability under § 1983). Other claims rely on conclusory assertions or implausible allegations that fall short of the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's "Claim (2)" fails to state any cognizable constitutional violation and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The claim alleges that after reporting

the assault to "a captain and deputy," unidentified officers "came after" him in his cell, prompting him to throw toilet material "in fear," followed by an extraction team ordering him to present his hands for cuffing—to which he complied. (4AC at 8.) These allegations fail to establish the requisite elements for either an excessive force or failure-to-protect claim under the Fourteenth Amendment. For excessive force, the Supreme Court requires that pretrial detainees demonstrate objectively unreasonable force, *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015), yet Plaintiff's own pleading confirms he voluntarily complied with the extraction team's orders and suffered no physical injury from the encounter. (4AC at 8.) The Second Circuit has consistently held that *de minimis* force, absent injury, does not rise to constitutional dimensions. *United States v. Walsh*, 194 F.3d 37, 48 (2d Cir. 1999); *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993). To the extent Plaintiff attempts to allege failure-to-protect, he must plead that defendants knew of and disregarded an excessive risk to his safety, *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), but the pleading contains no facts establishing that any defendant was aware of a substantial risk of harm or consciously disregarded it. *See also Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (requiring personal involvement of each defendant through their own individual actions); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (dismissing claims where plaintiff failed to allege defendants' personal involvement).

The allegations amount to nothing more than Plaintiff's subjective fear followed by his voluntary compliance with institutional procedures—insufficient to establish any constitutional violation. Vague assertions that officers "came after" him, without any description of threatening conduct, actual force, or resulting injury, fall far short of the plausibility standard required by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts routinely dismiss such conclusory allegations that fail to provide factual content allowing the court to draw reasonable

inferences of liability. *Twombly*, 550 U.S. at 570 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996) (dismissing vague allegations insufficient to give fair notice of claims). At most, Plaintiff's narrative appears to offer a defense or explanation for his own conduct—throwing the contents of a clogged toilet at correction officers—rather than articulating any constitutional violation committed against him. Accordingly, Claim (2) presents nothing more than conclusory assertions devoid of factual enhancement and should be screened out as legally insufficient.

Plaintiff's "Claim (3)" asserts that a clinic doctor examined him, observed blood/fecal matter, and stated he would send Plaintiff to an outside hospital; an unnamed "female captain" allegedly said "No," but Plaintiff then insisted he must be sent out. (4AC, at 9.) On the face of the 4AC, Plaintiff was, in fact, sent to an outside hospital shortly thereafter (*see* 4AC, at 9–10), defeating a deliberate-indifference theory premised on denial of care. To state a Fourteenth Amendment medical-care claim, Plaintiff must plead a serious medical need and that a named defendant acted with deliberate indifference causing harm. *Darnell v. Pineiro*, 849 F.3d 17, 29–36 (2d Cir. 2017). Here, he identifies no named defendant who actually denied care, pleads no harmful delay attributable to a specific person, and elsewhere alleges he received a rape kit at Bellevue. Indeed, Plaintiff's only allegations are against a "female captain," but Plaintiff has not named any female defendants. As pled, Claim (3) is both internally inconsistent and lacks the requisite personal-involvement allegations; it should be dismissed.

Plaintiff's "Claim (4)" alleges a "Dept. Foo" and two John Does applied handcuffs "so tight that they cut into [his] skin," that he cried, and that hospital staff asked officers to loosen the cuffs but they refused, supposedly on an order from "Dept. Foo." To plausibly plead a Fourteenth Amendment excessive-force claim based on tight handcuffing, a plaintiff generally must allege that he complained, officers ignored those complaints, and he

suffered more than de minimis injury. *See*, *e.g.*, *Graham v. Connor*, 490 U.S. 386, 396 (1989) (objective reasonableness); *Tangreti*, 983 F.3d at 618 (personal involvement). The 4AC does not tie this episode to any named defendant in the operative TAC roster; it attributes the conduct only to "Dept. Foo" and two John Does, and the only injury Plaintiff alleges is "Nightmares[.]" (4AC, at 9, 11). *Cf. Lynch v. City of Mount Vernon,* 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008) (tight handcuffs causing temporary pain insufficient for constitutional claim absent permanent injury). These deficiencies render Claim (4) implausible and not actionable against any named defendant.

In Claims (5) and (6), Plaintiff alleges that a rape kit at Bellevue confirmed evidence of sexual assault, and that after returning to Rikers he called an outside individual who submitted a preservation request for video footage. Neither allegation states a separate constitutional violation. The rape kit evidence is, at most, proof supporting Claim (1), not a free-standing claim; and a request to preserve video, without facts showing destruction of evidence by a defendant or actual denial of court access, fails to allege a constitutional injury. *See Christopher v. Harbury*, 536 U.S. 403, 415–16 (2002). As pled, these "claims" are non-cognizable.

Accordingly, consistent with 28 U.S.C. § 1915A, which requires courts to dismiss claims that are frivolous, malicious, fail to state a claim, or seek relief from immune defendants, the Court should construe Plaintiff's submission as asserting only one cognizable constitutional claim. All other "claims" should be dismissed at the screening stage.

## CONCLUSION

For the foregoing reasons, Plaintiff's Fourth Amended Complaint should be construed as a motion for leave to amend and denied. Plaintiff deliberately excluded Gary Davis despite knowing his identity. He cannot now invoke relation back under Rule 15(c) or CPLR § 1024, and seek an amendment that would cause undue delay, prejudice, and be futile under § 1915A screening. To the extent the Court deems it just and proper, it may also screen Plaintiff's proposed pleading pursuant to its authority under 28 U.S.C. § 1915A and dismiss all claims against Gary Davis, and all claims other than Claim (1) against all prospective defendants.

Dated:      New York, NY
            August 22, 2025

                                          MURIEL GOODE-TRUFANT
                                          Corporation Counsel of the City of New York
                                          *Attorney for Defendant City of New York*
                                          100 Church Street
                                          New York, New York 10007
                                          (212) 356-2670

                                          By: */s/ John McLaughlin*
                                              John McLaughlin
                                              *Assistant Corporation Counsel*
                                              Special Federal Litigation

Cc:     **VIA CERTIFIED FIRST CLASS MAIL**
        Robert Murray
        Kirby Forensic Psychiatric Center
        102 Rivers Edge Rd.
        New York, NY 10035
        Ward 3A
        *Plaintiff Pro Se*