

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 Church Street
NEW YORK, NY 10007

**JOHN MCLAUGHLIN**
Phone: (212) 356-2670
Fax: (212) 356-3509
jmclaugh@law.nyc.gov
*Assistant Corporation Counsel*

October 22, 2025

**BY ECF**
Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:     Robert Lee Murray v. The City of New York, et al.,
>         21 Civ. 6718 (LJL)

Your Honor:

I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing defendants the City of New York, Correction Officer ("CO") Murray (#4366), and CO Stevens (#5292) in the above-referenced matter. Defendants Murray and Stevens respectfully request that their deadlines to answer or otherwise respond be held in abeyance until the later of: (1) 21 days after the Court determines which filing is the operative complaint; or (2) 21 days after all parties to this action are determined (either through completed service or dismissal of unserved defendants). Plaintiff consents to this request.

**Procedural History**

By way of background, Plaintiff initially brought this suit *in forma pauperis*, but subsequently paid the filing fee in December 2024. (ECF Dkt. Entry Dated 12/10/2024). As a result, Plaintiff became responsible for effecting service himself rather than through the U.S. Marshal Service, with an initial deadline of June 19, 2025. (ECF Dkt. 121). That deadline was extended on April 2, 2025 (ECF Dkt. 131) and again on July 25, 2025 to the present deadline of September 15, 2025 (ECF Dkt. 143). As of the date of this filing, on information and belief, Plaintiff has not yet served Captain Rogers, CO Rosario, or CO Sheehan. Plaintiff subsequently filed a purported Fourth Amended Complaint on August 11, 2025 (ECF No. 148), attempting to add Gary Davis—whom Plaintiff previously disclaimed knowing—as a defendant.

**Requested Relief**

Defendant COs Murray and Stevens must answer or otherwise respond to the operative pleading by October 24, 2025. (ECF Dkts. 153 & 154). Defendants respectfully request, on Plaintiff's consent, that the Court hold in abeyance all defendants' deadlines to answer or

otherwise respond to the complaint, and any associated Rule 12 or scheduling obligations tied to a responsive pleading, until the Court resolves whether Plaintiff's August 11, 2025 submission (ECF No. 148) will be permitted as an amendment. The Court has already designated the Third Amended Complaint as the operative pleading, based on Plaintiff's deliberate selection of defendants, and set case deadlines on that basis. (ECF Dkt. 131). Plaintiff has nevertheless filed a purported Fourth Amended Complaint, which the City has opposed and construed as a Rule 15(a)(2) motion for leave. (ECF No. 151). Until the Court resolves that motion, there is substantial uncertainty as to which filing is the operative complaint and which defendants and claims will be in the case—making any response by the current appearing defendants inefficient and potentially moot.

A brief abeyance is also warranted because service is incomplete as to certain defendants upon whom Plaintiff must still effectuate service Pursuant to Rule 12(a)(1)(A)(i) of the FRCP, if Captain Rogers, CO Rosario, and CO Sheehan are served and not dismissed from the case pursuant to Rule 12(b)(5), they must respond to the operative pleading within 21 days after being served with process.[1] Although this office does not currently represent the unserved defendants, they may be entitled to representation by this office pursuant to New York's General Municipal Law § 50-k. In the event that this office does undertake the representation of those defendants, the interests of judicial economy would be served by allowing this office to interpose a single response to the operative pleading on behalf of all named defendants, rather than interposing responses on behalf of different defendants on different dates.

The defendants thank the Court for its time and consideration of this matter.

Respectfully Submitted,

*John McLaughlin* /s/
John McLaughlin
*Assistant Corporation Counsel*
Special Federal Litigation

Cc:    **VIA FIRST CLASS MAIL**
       Robert Murray
       Kirby Forensic Psychiatric Center
       102 Rivers Edge Rd.
       New York, NY 10035
       Ward 3A

---

[1] Defendants respectfully note for the Court that the three-year statute of limitations for § 1983 claims expired in November 2023—nearly two years ago. *See Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013) ("[E]xtending the service period beyond the statute of limitations period for the action imposes a corresponding prejudice on defendants."); *Barbosa v. City of New York*, 2018 U.S. Dist. LEXIS 165540, at *9 (E.D.N.Y. Sept. 26, 2018) (prejudice "arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service.").